FILED
United States Court of Appeals
Tenth Circuit

January 31, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

JEFFREY L. YARBERRY,

      Plaintiff-Appellant,

v.

TOM J. VILSACK, Secretary, US
Department of Agriculture,

      Defendant-Appellee.

No. 11-1444

(D.C. No. 1:10-cv-02715-LTB-KLM)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before **BRISCOE,** Chief Judge, **MURPHY** and **MATHESON**, Circuit Judges.


      After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore,

submitted without oral argument.

      In this employment discrimination action, Jeffrey L. Yarberry, proceeding pro se,

appeals the district court's order dismissing without prejudice his complaint and denying

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

his motion to amend. Yarberry's complaint was dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) because the court lacked jurisdiction over his case due to his failure to exhaust administrative remedies. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

**I.**

On August 20, 2007, Yarberry sought counseling from the Equal Employment Opportunity Commission (EEOC or Commission) because he believed that the United States Department of Agriculture (Agency) had not hired him because of his age and gender. In November 2007, Yarberry wrote to his congressional representative, informing her that he felt he was "being 'stonewalled' by the Agency." Aplt. App. at 132–33. Yarberry's representative inquired into the matter and forwarded him the Agency's response on February 20, 2008. The forwarded letter explained that the Equal Employment Opportunity (EEO) counselor assigned to Yarberry's case had been unable to resolve his concerns, and had sent him a notice of right to file on November 16, 2007, notifying him that he had fifteen calendar days to file a formal EEO complaint. Id. at 136. The Agency said that, as of January 30, 2008, it had received no formal EEO complaint from Yarberry. Id.

On October 29, 2008, Yarberry filed an appeal with the EEOC, which the EEOC dismissed. Yarberry v. Vilsack, EEOC Appeal No. 0120090449, 2010 WL 2547096, at *1 (June 18, 2010). "Upon review of the record," the EEOC explained, "it appears that Complainant has not filed a formal EEO complaint and the Agency has not issued a final

2

decision." Id. Thus, the EEOC stated that it lacked jurisdiction to review Yarberry's

appeal. See id. (citing 29 C.F.R. § 1614.401(a); Martin v. Shannon, EEOC Appeal No.

01924331, 1993 WL 1509948 (Aug. 12, 1993)). It did note, though, that "[a]n unresolved

issue exists regarding whether and on what date Complainant received a Notice of Right

to File from the Agency." Id. at *1 n.1. It further pointed out that if Yarberry chose to

file a complaint at that time, the Agency would bear the burden of proving whether or not

it was untimely. Id. (citing Guy v. O'Leary, EEOC Appeal No. 01931565, 1994 WL

742446 (Jan. 4, 1994)).

Yarberry requested reconsideration of this decision. The EEOC denied the

request, concluding that "the appellate decision correctly determined that the Commission

did not have jurisdiction over Complainant's appeal because a final Agency decision was

never issued." Yarberry v. Vilsack, EEOC Appeal No. 0120090449, 2010 WL 3827184,

at *2 (Sept. 24, 2010).

On November 10, 2010, Yarberry filed his amended complaint[1] against the

Agency in district court, claiming sex discrimination in violation of Title VII of the Civil

Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., and age discrimination in violation of the

Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 et seq. Aplt. App. at

---

[1] Yarberry initially filed a complaint on November 5, 2010, but did not sign it. Aplt. App. at 23. It appears that he timely cured this deficiency by filing an amended complaint on November 10, 2010. Aplee. Br. at 13. Yarberry argues that the second document was a "Corrected Complaint," and that the district court erred in referring to it as an amended complaint. Aplt. Opening Br., Attach. at 3. This is an issue without legal significance, and we decline to consider it further.

15–16. The Agency moved to dismiss on the grounds that the court lacked jurisdiction because Yarberry had not exhausted his administrative remedies, and because his complaint failed to state a claim on which relief could be granted. A magistrate judge recommended that the district court dismiss for lack of jurisdiction. Id. at 87–95.

In an order dismissing Yarberry's complaint, the district court stated that "[i]t is undisputed that Plaintiff never filed a formal complaint with his employer, the Department of Agriculture," as required by 29 C.F.R. § 1614.106(a). Id. at 164. The court noted that Yarberry had objected to the magistrate judge's recommendation on the grounds that "he should be excused [from] exhausting his EEOC administrative remedies prior to filing this action because he never received a 'notice of right to file a formal complaint.'" Id. But the district court concluded that Yarberry had waived this argument by failing to raise it prior to the issuance of the magistrate judge's recommendation. Id. The district court denied Yarberry leave to proceed in forma pauperis on appeal, concluding that the appeal "is not taken in good faith because plaintiff has not shown the existence of a reasoned, non-frivolous argument on the law and facts in support of the issues raised on appeal." Id. at 181.

## II.

On appeal, Yarberry argues that he did not waive the issue of whether or when he received a notice of right to file a formal complaint with his employer. Aplt. Reply Br. at 3. The district court concluded, however, that Yarberry's failure to properly raise the issue before the magistrate judge resulted in a waiver, Aplt. App. at 164, and we agree.

4

See United States v. Garfinkle, 261 F.3d 1030, 1031 (10th Cir. 2001) ("[T]heories raised for the first time in objections to the magistrate judge's report are deemed waived.").[2]

In any event, even if Yarberry had not waived the issue of whether he received the notice of right to file, the district court still would have lacked jurisdiction over this case. A plaintiff alleging a Title VII or ADEA violation by a federal agency must file a formal complaint with that agency's EEO office. 29 C.F.R. § 1614.106(a) ("A complaint must be filed with the agency that allegedly discriminated against the complainant."). The filing of such a complaint is a step in the process of exhausting administrative remedies, which we have held to be a jurisdictional prerequisite to suit under the ADEA and Title VII. Shikles v. Sprint/United Mgmt. Co., 426 F.3d 1304, 1317 (10th Cir. 2005). Yarberry asserts that he never received a notice of right to file and, like the district court, we take his argument to be that he should therefore be excused from having to file a formal complaint with the Agency. But we lack authority to waive the jurisdictional requirement that he exhaust his administrative remedies. See id. (holding that where plaintiff "failed to exhaust his administrative remedies. . . . the district court lacked subject matter jurisdiction over his claim").

---

[2] We do note that Yarberry filed a "response to defendant's reply in support of its motion to dismiss" in which he argued that the Agency had "failed to interview Plaintiff regarding his EEO complaint or provide Plaintiff with a Notice of Final Interview or Right to File, . . . effectively denying the Plaintiff the ability to exercise his right to proceed in filing a formal complaint with the EEOC." Aplt. App. at 84. As the magistrate judge noted, however, this document was in effect a surreply, which Yarberry did not seek leave to file. Aplt. App. at 87. Yarberry does not argue that the magistrate judge erred in declining to consider it.

5

Yarberry argues that the Agency's failure to send him the notice of right to file "effectively prevent[ed] [him] from exercising his right to pursue any further administrative action." Aplt. Opening Br., Attach. at 2. We note, however, that Yarberry has been told repeatedly what he must do to move his case forward. The letter Yarberry's congressional representative forwarded to him in February 2008 explained that the Agency had sent him a notice of right to file but that "Mr. Yarberry has not exercised his right to file a formal EEO complaint." Aplt. App. at 136.[3] Furthermore, when it dismissed his appeal, the EEOC informed Yarberry that his case could not proceed until he filed a formal complaint with the Agency. Id. at 55–58.[4]

Numerous EEOC decisions recognize that an agency's failure to prove when (or whether) a complainant received a notice of right to file may allow a complainant to proceed with a claim that would otherwise be untimely. In Clarken v. Gutierrez, for instance, the complainant did not receive the notice of right to file within fifteen days that the agency mailed in August 2007. EEOC Appeal No. 0120081908, 2008 WL 2264378 at *1 (May 23, 2008). Upon discovering this, the complainant contacted the agency to

---

[3] We know that Yarberry received this letter from his Congressional representative because he quoted from it, Aplt. App. at 99, and attached it as an exhibit to his objections to the magistrate judge's recommendations, id. at 136.

[4] Again, we know that Yarberry received this opinion. In fact, he must have read the opinion's single footnote, addressing the Agency's burden of proof regarding the notice of right to file, because he quoted its first sentence in his objections to the magistrate judge's recommendations. Aplt. App. at 96. He also included, as an exhibit, the first page of the opinion, on which the footnote begins. Id. at 112.

request that notice be sent again.[5]  Id.  He received the second notice on September 19, 2007, and filed his complaint on October 3, 2007.  Id.  The EEOC concluded that because the agency could not prove whether he had received the August notice, his filing in October was not untimely.  Id. at *2.[6]  If Yarberry had filed a formal complaint upon learning from his congressional representative that the Agency expected one, or after receiving the EEOC's dismissal of his appeal for failure to file a complaint, the Agency would have had the burden of proving that he actually received the November 16, 2007 notice of right to file.  Billberry, 2009 WL 363120, at *2.  If it failed to meet this burden, Yarberry's otherwise untimely filing would, presumably, have been accepted.  Id.

We must, however, "distinguish . . . between a failure to timely file [a formal complaint], which is not jurisdictional, and a failure to file [a formal complaint] at all, which is a jurisdictional bar."  Sizova v. Nat'l Inst. of Standards & Tech., 282 F.3d 1320, 1325 (10th Cir. 2002).  "This is not an uncomplicated matter," id., and we can sympathize

---

[5] By contrast, Yarberry informed the district court that when he received from his congressional representative the Agency's letter stating that it had sent him a notice of right to file, he "recognized Defendant as hostile and ceased any further communications regarding his complaint directly with Defendant."  Aplt. App. at 99.

[6] See also, e.g., Rivera v. Potter, EEOC Appeal No. 01A31080, 2003 WL 1872416, at *1 (Apr. 2, 2003) ("[A]lthough the agency's Report of Counseling states complainant received the notice of right to file a formal complaint on June 26, 2002, the agency has provided no evidence that complainant, or her representative, actually received the notice of right to file.  We therefore are unable to determine from the record if complainant's formal complaint was timely filed."); Billberry v. Potter, EEOC Appeal No. 0120073445, 2009 WL 363120, at *2 (Jan. 30, 2009) (reversing dismissal of complaint filed over a year after notice of right to file was sent because complainant denied receiving it and agency could only prove that it had been delivered to an address within the area of complainant's zip code).

with a pro se litigant who, like Yarberry, has attempted to prosecute his case but has failed to take the proper steps.  Nonetheless, we recognize that "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants."  Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984).

In sum, whether or not he received an official notice of right to file, the fact remains that Yarberry has not exhausted his administrative remedies.[7]  Whether Yarberry could, even now, file a formal complaint with the Agency is not an issue before us, and we express no view on the question.  We only rule that because he skipped a critical procedural step in the EEO complaint process, his complaint was properly dismissed by the district court for lack of jurisdiction.

The other issues Yarberry raises may be dealt with summarily.  Since Yarberry had not filed a formal complaint with the Agency, no amendment to his federal court complaint would have given the district court jurisdiction over his Title VII and ADEA claims.  Thus, the court did not abuse its discretion in denying his motion for leave to amend.  Furthermore, because the court lacked jurisdiction, Yarberry's argument that he

---

[7] It appears that Yarberry may be under the impression that the district court had jurisdiction over his case because the EEOC's denial of reconsideration stated that he had "the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date that you receive this decision."  Aplt. App. at 9; see id. at 101 (noting that "upon receiving a final response from the EEOC regarding his EEO Complaint, the Plaintiff was notified of his Right to File a Civil Action").  This notice, however, does not make up for Yarberry's failure to file a formal complaint with the Agency.

8

has been deprived of a jury trial is without merit. There is no basis for his argument that the district court erroneously relied on representations in the EEO counselor's report in this case. Finally, the district court properly denied Yarberry's motion to compel production of documents.

The district court's order is AFFIRMED. As no non-frivolous grounds existed for this appeal, Yarberry's motion to proceed in forma pauperis is DENIED.

Entered for the Court


Mary Beck Briscoe
Chief Judge